CHRISTINE S. HWANG (SBN 184549)
SARA B. TOSDAL (SBN 280322)
AMY ENDO (SBN 272998)
LEONARD CARDER, LLP
1188 Franklin Street, Suite 201
San Francisco, CA 94109
Tel: (415) 771-6400/Fax: (415) 771-7010
chwang@leonardcarder.com
stosdal@leonardcarder.com
aendo@leonardcarder.com

*Counsel for Plaintiffs*

UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ALAMEDA COUNTY ELECTRICAL INDUSTRY SERVICE CORPORATION, *et al.*,<br><br>Plaintiffs,<br>v.<br><br>NORTHERN STATES ELECTRIC, INC.; MARSHA CARLSON; AND DOES ONE through TEN, *inclusive*,<br><br>Defendants. | Case No. 13-cv-00883-LB<br><br>**PLAINTIFFS' SEPARATE FURTHER CASE MANAGEMENT STATEMENT AND REQUEST FOR CONTINUANCE OF CASE MANAGEMENT CONFERENCE**<br><br>ORDER |

**TO ALL PARTIES, THEIR ATTORNEYS OF RECORD, AND THE COURT:**

Plaintiffs Alameda County Electrical Industry Service Corporation ("EISC"), IBEW Local 595 Health & Welfare Trust Fund; IBEW Local 595 Pension Trust Fund; IBEW Local 595 Money Purchase Pension Trust Fund; IBEW Local 595 Vacation Fund; IBEW Local 595 Apprentice & Training Fund; Electrical Contractors Trust; Contract Administration Fund; Labor Management Cooperation Fund (collectively "Trust Funds"); Boards of Trustees of IBEW Local 595 Trust Funds (the "Trustees"); and Board of Directors of Alameda County Electrical Industry Service Corporation (the "Directors"), (collectively "Plaintiffs"), believe that Defendants Northern States Electric, Inc. and Marsha Carlson are unrepresented by counsel in this matter. Pursuant to Local Rule 16-9, Plaintiffs therefore hereby submit this separate initial Case Management Conference Statement. N.D. Cal. Local R. 16-9(a).

Additionally, Plaintiffs still intend to file an amended complaint, but have not yet done so because Plaintiffs are attempting to resolve some of their claim against Defendant Northern States Electric, Inc. through a stop notice pursuant to California's mechanics lien laws without undertaking additional litigation or expenses in this case. Plaintiffs hope to resolve the stop notice in the next three weeks or so, and request that the Case Management Conference, currently scheduled for August 8, 2013, be continued in order for Plaintiffs to resolve the stop notice and to file and serve the amended pleading.

**1.  Jurisdiction and Service:**

This is an action for delinquent employee benefit contributions pursuant to sections 502 and 515 of the Employee Retirement Income Security Act of 1974 ("ERISA"), 29 U.S.C. §§ 1132, 1145, an action for breach of fiduciary duty under sections 409(a) and 515 of ERISA, *id.* §§ 1109(a), 1145, and an action asserting claims for breach of contract, violations of California's Unfair Competition Law, Cal. Bus. & Prof. Code § 17200 *et seq.*, violation of the right to privacy, and misappropriation of image and likeness under section 3344(a) of the California Civil Code. This Court has original jurisdiction over actions arising under ERISA. 29 U.S.C. § 1132(e); *see also* 28 U.S.C. § 1331 (federal question jurisdiction). Additionally, this Court has

LEONARD CARDER, LLP
ATTORNEYS
1188 FRANKLIN STREET, SUITE 201
SAN FRANCISCO, CALIFORNIA 94109
TEL: (415) 771-6400  FAX: (415) 771-7010

supplemental jurisdiction over Plaintiffs' state-law claims—to the extent that such claims are not preempted by ERISA—because they arise out of the same "nucleus of operative fact." *See United Mine Workers of Am. v. Gibbs*, 383 U.S. 715, 725 (1986) ("The state and federal claims must derive from a common nucleus of operative fact."); *see also* 28 U.S.C. § 1367(a) (stating that a federal court may exercise jurisdiction over other claims that "form part of the same case or controversy" as a federal claim).

**2. Facts:**

    **a. The Parties:**

Plaintiff Trust Funds are express trust funds organized and existing under ERISA and other laws of the United States as employee benefit plans, as defined by ERISA, 29 U.S.C. §§ 1002(3), 1002(32)(a), 1003, and 1132(d)(1). Compl. ¶ 6. Plaintiff Trust Funds were created by written trust agreements under section 302 of the Labor-Management Relations Act, 29 U.S.C. § 186. *Id.* Plaintiff Trust Funds exist for the purpose of providing health and welfare, pension, and other benefits to employees under the *Alameda County Inside Construction Agreement Between Alameda County Branch, Northern California Chapter, National Electrical Contractors Association & Local Union 595, International Brotherhood of Electrical Workers* ("CBA"), and their beneficiaries and dependents. *Id.* ¶ 15. Plaintiff Trust Funds are third-party beneficiaries to subcontracting agreements between Defendant Northern States Electric, Inc. ("NSE") and its general contractors. *See id.* ¶¶ 17, 45, 46.

Under the CBA, Plaintiff EISC serves as the custodian of all employer contributions. *See id.* ¶ 7. Plaintiff EISC is also the collection agent for Plaintiff Trust Funds. *Id.* Plaintiff Trustees are Plan Administrators and fiduciaries for Plaintiff Trust Funds, as defined by sections 3(16)(A)(i) and (21)(A) of ERISA. *Id.* ¶ 8. Plaintiff Directors are the governing body of Plaintiff EISC. *Id.* ¶ 9.

NSE is a corporation and licensed electrical contractor organized and operated under the laws of California. *Id.* ¶ 10. NSE is an employer within the meaning of ERISA section 3(5), 29 U.S.C. § 1002(5). *Id.* ¶ 10 (a). Furthermore, NSE employed electricians within Alameda County,

LEONARD CARDER, LLP
ATTORNEYS
1188 FRANKLIN STREET, SUITE 201
SAN FRANCISCO, CALIFORNIA 94109
TEL: (415) 771-6400 FAX: (415) 771-7010

and is, as a signatory to the CBA, is legally obligated to make employer contributions to Plaintiff Trust Funds. *Id.* ¶¶ 10(b)-(c), 15-16.

Defendant Marsha Carlson ("Carlson") is the Chief Executive Officer and President of NSE, and has been obligated to make employer contributions to Plaintiff Trust Funds. *Id.* ¶ 11. Carlson is an agent, partner, and/or employee of NSE and acted in the scope of such employment and agency. *Id.* ¶ 12.

### b. Pertinent Facts:

NSE must make monthly contributions to Plaintiff Trust Funds for all hours worked by its employees that are covered by the CBA, at rates established by the CBA, on or before the 20th of every calendar month following a month where covered work was performed. *See id.* ¶ 16. Under subcontracting agreements between NSE and its general contractors, the general contractors must make progress payments to NSE, provided that NSE proves that it does not owe Plaintiff Trust Funds any contributions for work covered by the CBA. *Id.* ¶ 17.

Defendants hired union-represented employees to perform work covered by the CBA. *See id.* ¶¶ 12, 18. However, Defendants persistently failed to meet their employer contribution requirements to Plaintiff Trust Funds for work performed on Defendants' projects. *Id.* ¶ 18. Nonetheless, Defendants created letters purporting to be from Plaintiff Trust Funds. *Id.* ¶ 19. These letters stated that NSE owed no contributions to Plaintiff Trust Funds, even though no payments had been made on NSE's employer contribution obligations. *Id.* ¶¶ 18, 19, 21, 22, 24. Defendants gave these letters to Defendants' general contractors. *Id.* ¶¶ 19-25, 27-28. On information and belief, Defendants' general contractors made progress payments to NSE in reliance on these letters. *Id.* However, no payments were made to Plaintiffs. *Id.* ¶ 18. Instead, Defendants kept the progress payments for themselves. *Id.* ¶ 28.

### 3. <u>Legal Issues:</u>

The legal issues in this case are: (1) whether NSE is liable to Plaintiffs for delinquent contributions under ERISA; (2) whether Carlson breached her fiduciary duty under ERISA to Plaintiffs by failing to pay employer contributions to Plaintiffs; (3) whether Defendants breached

LEONARD CARDER, LLP
ATTORNEYS
1188 FRANKLIN STREET, SUITE 201
SAN FRANCISCO, CALIFORNIA 94109
TEL: (415) 771-6400   FAX: (415) 771-7010

its contracts with its general contractors; (4) whether Defendants are liable for violations of California's Unfair Competition Law, Cal. Bus. & Prof. Code § 17200 *et seq.*; (5) whether Defendants are liable for violating Plaintiffs' right to privacy by using Plaintiff Trust Funds's name, image, and likeness without permission or authorization; and (6) whether Defendants are liable to Plaintiffs for misappropriation of image within the meaning of section 3344(a) of the California Civil Code.

**4.     Motions:**

There are no motions before the Court at this time. Defendants have been served with the Complaint, but have not appeared in the action. Plaintiffs intend to seek default judgment against NSE and Carlson after filing an amended complaint.

**5.     Amendment of Pleadings:**

Plaintiffs anticipate filing an amended complaint within the next three weeks or so.

**6.     Evidence Preservation:**

Plaintiffs' counsel instructed their clients to collect and retain all written documents, records and other things (including e-mails, voicemails, electronically-recorded material) supporting their claims and damages in this case. The *Guidelines for the Discovery of Electronically Stored Information* have been or are being reviewed. The parties have not met and conferred with respect to discovery and evidentiary issues because Defendant has not yet appeared. Plaintiffs believe Defendants are unrepresented in this matter.

**7.     Disclosures:**

Initial disclosures have not yet been made. Defendants have not appeared in the action, and Plaintiffs intend to file an amended complaint.

**8.     Discovery:**

No discovery has taken place. Plaintiffs do not anticipate taking any discovery unless Defendants appear in this action.

**9.     Class Actions:**

This case is not appropriate for class treatment.

5

PLAINTIFFS' SEPARATE FURTHER CASE MANAGEMENT STATEMENT AND
REQUEST FOR CONTINUANCE OF CASE MANAGEMENT CONFERENCE
CASE NO. 13-CV-00883-LB

LEONARD CARDER, LLP
ATTORNEYS
1188 FRANKLIN STREET, SUITE 201
SAN FRANCISCO, CALIFORNIA 94109
TEL: (415) 771-6400  FAX: (415) 771-7010

**10.   Related Cases:**

Plaintiffs are unaware of any related cases at this time.

**11.   Relief:**

Plaintiffs seek monetary damages for delinquent contributions, approximately in excess of $100,000, as well restitution, disgorgement, and punitive damages. Plaintiffs also seek injunctive relief.

**12.   Settlement and ADR:**

Settlement discussions are unlikely to be productive. Plaintiffs have been unable to review the ADR process with Defendants, as Defendants have not appeared in the action.

**13.   Consent to Magistrate Judge for All Purposes:**

Plaintiffs consented to Magistrate Judge Beeler.

**14.   Other References:**

None.

**15.   Narrowing of Issues:**

No further narrowing of issues is possible.

**16.   Expedited Trial Procedure:**

Not applicable.

**17.   Scheduling:**

Plaintiffs propose continuing the Case Management Conference, currently set for August 8, 2013, for a period of at least forty-five (45) days to allow Plaintiffs to resolve some of NSE's debt under a stop notice and to file and serve an amended complaint. Because Plaintiffs intend to seek default judgment after filing and serving the amended complaint, Plaintiffs further propose that any additional scheduling be continued until either the next Case Management Conference or the initial Case Management Conference in the event that it is continued.

**18.   Trial:**

Plaintiffs do not anticipate a need for trial.

//

6

PLAINTIFFS' SEPARATE FURTHER CASE MANAGEMENT STATEMENT AND
REQUEST FOR CONTINUANCE OF CASE MANAGEMENT CONFERENCE
CASE NO. 13-CV-00883-LB

**19.   Disclosure of Non-party Interested Entities or Persons:**

Plaintiffs filed a certification of non-party interested entities or persons on May 30, 2013.

**20.   Other Issues:**

Plaintiffs still intend to file an amended complaint, but hope to be able to resolve some of their claim against NSE through a stop notice remedy before doing so. Therefore, Plaintiffs respectfully request that the initial Case Management Conference be continued for at least 45 days as a result. In light of Defendants' failure to appear, Plaintiffs intend to take default in this case after an amended complaint is filed.

Respectfully submitted,

Dated: August 1, 2013                LEONARD CARDER, LLP

By:   /s/ Sara B. Tosdal
Christine S. Hwang (SBN 184549)
Sara B. Tosdal (SBN 280322)
Amy Endo (SBN 272998)
LEONARD CARDER, LLP
1188 Franklin Street, Suite 201
San Francisco, CA 94109
Tel: (415) 771-6400
Fax: (415) 771-7010
chwang@leonardcarder.com
stosdal@leonardcarder.com
aendo@leonardcarder.com

*Attorneys for Plaintiffs*

```
Case Management Conference reset to November 21, 2013 at 11:00 a.m.  A Joint Case
Management Conference Statement due November 14, 2013.
Date:  August 2, 2013
```

